# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 26, 2024
Lyle W. Cayce
Clerk

No. 24-40103

In re Space Exploration Technologies, Corporation,

*Petitioner.*

---

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-1

---

UNPUBLISHED ORDER

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:

  This case comes before us in a unique procedural posture. The district court ordered that Space Exploration Technologies's lawsuit against NLRB be transferred to the Central District of California. Because SpaceX petitioned for a writ of mandamus and because we stayed that transfer order prior to the case being docketed in the Central District of California, the Southern District of Texas is DIRECTED to REQUEST that the Central District of California return the transferred case.

  The Southern District of Texas ordered that this case be transferred on February 15, 2024. Order, *Space Expl. Techs. Corp. v. NLRB*, No. 1:24-cv-1 (S.D. Tex. Feb. 15, 2024), ECF No. 82. That court immediately sent the case electronically, giving SpaceX no opportunity to request a stay of the

transfer order either in that court or this one. SpaceX petitioned this court for a writ of mandamus on February 16, 2024, requesting that we direct the district court to vacate its transfer order. *See Defense Distributed v. Bruck*, 30 F.45h 414, 425 (5th Cir. 2022) (noting the diligence of the party contesting transfer "immediately"). Our court stayed the Southern District of Texas's transfer order on February 19, 2024. Nevertheless, the Central District of California docketed the case four days later, on February 23, 2024, as case number 2:24-cv-1352-CBM-AGR.[1]

This leads to potential ambiguity over which court has jurisdiction over the case. Our court has not been stripped of its jurisdiction until transfer has been completed. Transfer is not complete the moment a case is electronically sent to an out-of-circuit court. Rather, the case must be both sent and *docketed* for a transfer to be complete. *See Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) ("We adopt the docketing date as the time of effective transfer. . . . Once jurisdiction is properly obtained by the appellate court it is not terminated by the subsequent completion of a section 1404 transfer."); 17 James William Moore et al., Moore's Federal Practice § 111.64(2)(a) (3d ed. 1999) ("[G]enerally the transferor court, including the circuit court, loses jurisdiction as soon as the files in the case are transferred *and docketed* in the transferee court." (emphasis added)).

---

[1] We note that NLRB filed a notice with the Central District of California stating that "the transferee court is not obliged to honor the request if it determines that retransfer is not appropriate or warranted." *Space Expl. Techs. Corp. v. NLRB*, No. 2:24-cv-1352-CBM-AGR (C.D. Cal. Feb. 23, 2024), ECF No. 96 at 2. We are skeptical about the wisdom of docketing a case when the transfer order has already been stayed. Nevertheless, retransfer will maintain procedural clarity, reduce inter-circuit friction, and foster comity. *See Defense Distributed v. Platkin*, 55 F.4th 486, 494 (5th Cir. 2022) ("Courts 'prophylactically refuse[e] to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court.' The rule is intended to 'maximize' 'the values of economy, consistency, and comity.'" (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)) (internal citation omitted) (alteration in original)).

We, along with many of our sister circuits have directed district courts to request retransfer from an out-of-circuit court in the past. *See Bruck*, 30 F.4th at 424–25 (stating that "the balance of circuit authority" favors jurisdiction); *In re Warrick,* 70 F.3d 736, 740 (2d Cir. 1995) ("[W]hen the transferred case has been docketed in the transferee court despite the petitioner's diligence, this Court can order a district court in this circuit to request the transferee court to return the case.") (internal citation and quotations omitted); *Town of N. Bonneville, Wash. v. U.S. Dist. Court, W. Dist. of Wash.,* 732 F.2d 747, 752 (9th Cir. 1984); *In re Sosa,* 712 F.2d 1479, 1480, n.1 (D.C. Cir. 1983); *In re Nine Mile Ltd.,* 673 F.2d 242, 244 (8th Cir. 1982).

In *Bruck*, Defense Distributed appealed the transfer order the day after it was entered, and the case was not docketed in the out-of-circuit court until the day after that. *Bruck*, 30 F.4th at 425. Here, SpaceX petitioned for a writ of mandamus the day after the transfer order, we stayed that order three days later, and the receiving district court did not docket the case until four days after that. Accordingly, this court still has jurisdiction over the case.

\*   \*   \*

We make no comment on the merits of SpaceX's pending petition for a writ of mandamus and nothing in this opinion should be construed to preview any decision on the merits of that petition. In the interest of procedural consistency and comity, the Southern District of Texas is DIRECTED to immediately REQUEST that the Central District of California return the transferred case to the Southern District of Texas, Brownsville Division.