No. 24-40103

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————————

In re Space Exploration Technologies Corp.,

Petitioner.

————————————

On Petition for Writ of Mandamus to the
United States District Court for the Southern District of Texas
Civil Action No. 24-cv-00001

————————————

## RESPONSE TO PETITION FOR REHEARING EN BANC

————————————

Kevin P. Flanagan
*Deputy Assistant General Counsel*

Paul A. Thomas
*Supervisory Trial Attorney*

David P. Boehm
*Trial Attorney*

Jennifer A. Abruzzo
*General Counsel*

Daniel Brasil Becker
*Trial Attorney*

Peter Sung Ohr
*Deputy General Counsel*

Grace L. Pezzella
*Trial Attorney*

Nancy E. Kessler Platt
*Associate General Counsel*

Dawn L. Goldstein
*Deputy Associate General Counsel*

National Labor Relations Board
1015 Half Street, S.E.
Washington, DC 20570
202-273-4202

# TABLE OF CONTENTS

INTRODUCTION ................................................................................ 1

COUNTERSTATEMENT OF THE CASE ......................................... 2

ARGUMENT ...................................................................................... 4

    SpaceX fails to satisfy the demanding standard of review for a writ of mandamus, and rehearing on that issue is unnecessary. ........................ 4

    A.    SpaceX has not established that it lacked adequate alternatives ............................................................................ 5

    B.    SpaceX cannot show a clear and indisputable right to relief. ...... 6

    C.    Mandamus is not appropriate here ................................................. 17

CONCLUSION ................................................................................... 19

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Aero-Colours, Inc. v. Propst,*
  114 F.R.D. 107 (S.D. Tex.)....................................................................17

*Andrade v. Chojnacki,*
  934 F. Supp. 817 (S.D. Tex. 1996)........................................................8

*Broker's Home, LLC,*
  No. 07-846-JJB, 2008 WL 11350295 (M.D. La. 2008)....................9, 11

*Care One LLC v. NLRB,*
  No. 23-3221, 2023 WL 4156859 (D.N.J. June 23, 2023) ...................18

*Career Colls. & Schs. of Tex. v. United States Dep't of Educ.,*
  2023 WL 2975164 (N.D. Tex. Apr. 17, 2023)......................................12

*Ciralsky v. CIA,*
  689 F. Supp. 2d 141 (D.D.C. 2010) .....................................................11

*Cottman Transmission Sys., Inc. v. Martino,*
  36 F.3d 291 (3d Cir. 1994)................................................................8, 9

*Duncan v. Walker,*
  533 U.S. 167 (2001) ..............................................................................8

*Home Furnishings Store, Ltd. v. Stiles Mach., Inc.,*
  No. CIV.A. 11-698, 2011 WL 6329869 (E.D. La. Dec. 19, 2011)..........17

*In re Archer Directional Drilling Servs., LLC,*
  630 F. App'x 327 (5th Cir. 2016) (per curiam.....................................18

*In re Brand–Name Prescription Drugs Antitrust Litig.,*
  264 F.Supp.2d 1372 (J.P.M.L. 2003) ..................................................17

*In re Clarke,*
  No. 24-50079, 2024 WL 886953 (5th Cir. Mar. 1, 2024) ......................6

*In re Depuy Orthopaedics, Inc.,*
  870 F.3d 345 (5th Cir. 2017) ................................................................6

*In re Radmax, Ltd.,*
  720 F.3d 285 (5th Cir. 2013) ................................................................6

*In re TikTok,*
  85 F.4th 352 (5th Cir. 2023)...........................................................6, 16

*In re Volkswagen of Am., Inc.,*
  545 F.3d 304 (5th Cir. 2008) .......................................................4, 5, 6

*Jenkins Brick Co. v. Bremer*,
321 F.3d 1366 (11th Cir. 2003) ........................................................9, 12

*Long v. Grafton Executive Search, LLC*,
263 F. Supp. 2d 1085 (N.D. Tex. 2003)...........................................15, 16

*Maysaroh Am. Arab Commc'ns & Translation Ctr., LLC*,
51 F. Supp. 3d 88 (D.D.C. 2014) .........................................................11

*Munro v. U.S. Copyright Off.*,
No. 6:21-cv-00666, 2022 WL 3566456 (W.D. Tex. May 24, 2022) .......10

*Munro v. U.S. Copyright Off.*,
2022 WL 17400772 (W.D. Tex. Sept. 15, 2022) ...................................10

*Roche v. Evaporated Milk Ass'n*,
319 U.S. 21 (1943) ..................................................................................7

*Safety Nat. Cas. Corp. v. U.S. Dep't of Treasury*, No. CIV.A. H-07-643,
2007 WL 7238943, at *1 (S.D. Tex. Aug. 20, 2007).............................9

*Seariver Mar. Fin. Holdings, Inc. v. Pena*,
952 F. Supp. 455 (S.D. Tex. 1996).........................................................9

*Texas v. United States*,
95 F. Supp. 3d 965 (N.D. Tex. 2015).....................................................12

*Trois v. Apple Tree Auction Ctr., Inc.*,
882 F.3d 485 (5th Cir. 2018) ....................................................9, 15, 16

*Umphress v. Hall*,
479 F. Supp. 3d 344 (N.D. Tex. 2020)...................................................12

*United States v. Denson*,
603 F.2d 1143 (5th Cir. 1979) ...............................................................4

*United States v. Nixon*,
827 F.2d 1019 (5th Cir. 1987) ...............................................................4

*Woodke v. Dahm*,
70 F.3d 983 (8th Cir. 1995) ...................................................................9

## Statutes

28 U.S.C. § 1391......................................................................................8, 11
28 U.S.C. § 1391(e)(1)(B) ........................................................................7, 8
28 U.S.C. § 1400(b) ......................................................................................8
28 U.S.C. § 1404(a) .................................................................4, 5, 18, 19
28 U.S.C. § 1406(a) .......................................................................3, 4, 5
28 U.S.C. § 1408(1) ......................................................................................8
28 U.S.C. § 1651.........................................................................................17
29 U.S.C. § 160(f) ........................................................................................8

## Other Authorities

14D *Federal Practice and Procedure* § 3806 .......................................... 10

16 *Federal Practice and Procedure* § 3934.1 ........................................ 17

*The Votes of Other Judges,*
    105 Geo. L.J. 159 (2016) ......................................................................... 6

## INTRODUCTION

Petitioner Space Exploration Technologies Corp. ("SpaceX") asks this Court's seventeen active judges to reweigh the evidence and reconsider venue arguments properly rejected by the district court in a transfer order and by a panel majority denying extraordinary mandamus relief. The transfer order correctly found that SpaceX's claims against Respondents National Labor Relations Board, *et al.,* ("NLRB") were factually centered in the transferee district in California where SpaceX resides and almost all relevant agency activity occurred. And the panel majority rightly determined that SpaceX's call for overturning the transfer order fell short of the rigorous mandamus standards. Indeed, neither SpaceX nor the dissenting panel member disputes that the overwhelming weight of operative events giving rise to SpaceX's claims against the NLRB occurred in the Central District of California. Instead, SpaceX impugns the district court's reasoning with words it never uttered and asks this Court to take a microscope to SpaceX's insubstantial and repeatedly rejected grounds for laying venue in the Southern District of Texas.

Remarkably, SpaceX's Rule 35(b)(1) statement bases the need for rehearing en banc on purported conflicts between *the district court's decision* and uncited decisions reached by other district and circuit courts. Indeed, Petitioner's Rule 35(b)(1) statement is facially defective because it fails to cite "a decision of the United States Supreme Court or of th[is] court" with which the panel decision purportedly conflicts.

SpaceX further claims that the panel's summary disposition conflicts with other Fifth Circuit mandamus decisions arising under "similar (or less compelling)" facts. [Cir. ECF 71 at v ("Reh'g Pet.") (internal pagination throughout).] Even if that were true—it is not—the panel's summary denial is non-precedential. Petitioner provides no convincing reason to create the "serious call on limited judicial resources" its petition forces upon this Court. 5th Cir. R. 35.1.

## COUNTERSTATEMENT OF THE CASE

This case stems from actions taken by the NLRB and its Region 31 office in Los Angeles, California in response to eight unfair-labor-practice ("ULP") charges. [Dist. ECF 29 at 3 n.16; ECF 18 ¶¶3-4; ECF 74 at 6.] Those charges were filed on behalf of eight employees terminated by SpaceX ("Terminated Employees") for their involvement

in drafting and distributing an Open Letter. [Dist. ECF 29 at 3 n.16; ECF 74 at 5.] Seven lived in California, none "have any relationship with the State of Texas," and all eight reported to managers at SpaceX's facility in Hawthorne, California, which is SpaceX's principal place of business. [Dist. ECF 29 at 3-4 nn.16-17.] The Open Letter was drafted in and sent from California after a series of meetings in and near Hawthorne. [Dist. ECF 74 at 5; ECF 21 ¶10.] SpaceX also operates in Texas, Florida, Washington, and Washington, D.C. [Dist. ECF 29 at 3 n.16.]

Region 31 investigated the charges, found merit, and issued an administrative complaint ("ULP Complaint"), alleging a course of unlawful conduct by SpaceX supervisors and agents occurring nearly entirely in Hawthorne. [*Id.* at 4-5 nn.21-25.] The ULP Complaint set an administrative hearing in Los Angeles beginning March 5, 2024. [*Id.* at 5 nn.26-27.]

The day after the ULP Complaint issued, SpaceX filed suit in the Southern District of Texas against the NLRB to enjoin the hearing. The NLRB moved to transfer this litigation to the Central District of California under 28 U.S.C. § 1406(a) because the Southern District of

Texas is an improper venue, and alternatively, for a convenience-based transfer "in the interest of justice" under 28 U.S.C. § 1404(a).

The district court transferred the case for lack of venue under 28 U.S.C. § 1406(a), without passing on the Board's alternative transfer grounds. SpaceX then filed its mandamus petition [Cir. ECF 4 ("Mandamus Pet.")], which a divided panel of this Court denied. [*See* Cir. ECF 64 ("Dissent").] SpaceX's rehearing en banc petition followed.

## ARGUMENT

Rehearing en banc is reserved for "a precedent-setting error of exceptional public importance or an opinion which directly conflicts with prior Supreme Court or Fifth Circuit precedent." *United States v. Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987). Because the decisions of the panel and district court were correct and accorded with Fifth Circuit and Supreme Court precedent, the further "extraordinary"—and disfavored—step of en banc review is unwarranted. 5th Cir. R. 35.1.

**SpaceX fails to satisfy the demanding standard of review for a writ of mandamus, and rehearing on that issue is unnecessary.**

Mandamus is an "extraordinary remedy for extraordinary causes," *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc), granted only in "exceptional circumstances." *In re Volkswagen of Am.,*

*Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (cleaned up). Mere legal error—even reversible error—is not enough. *Id.* at 310. SpaceX fails to satisfy the three conjunctive requirements for a writ of mandamus: (1) "no other adequate means to attain the [desired] relief[;]" (2) the right to relief is "clear and indisputable[;]" and (3) the writ "is appropriate under the circumstances." *Id.* at 309. And both those three mandamus requirements, and the underlying standard for transactional venue, are well-established and require no en banc clarification.

## A. SpaceX has not established that it lacked adequate alternatives.

The NLRB previously did not contest this factor in view of cases finding it satisfied in the transfer context. But as proposed amici Law Professors correctly explain, [Cir. ECF 80-2 at 4-6 ("Professors")] those cases are limited to discretionary, convenience-based transfers under 28 U.S.C. § 1404(a). Here, SpaceX disputes a controlling legal question—the proper "transactional venue" standard—to oppose a different kind of transfer under Section 1406(a). Accordingly, SpaceX had an adequate alternative to mandamus: it could have sought a stay prior to the transfer order to pursue an interlocutory appeal.

### B. SpaceX cannot show a clear and indisputable right to relief.

The clearest indication that SpaceX lacks an indisputable right to relief is that a district judge and two circuit judges have now rejected its arguments.[1] Beyond that, however, this Court has "routinely" denied mandamus to correct errors or abuses of discretion where the petitioner's right to relief was not clear and indisputable. *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 347 n.4 (5th Cir. 2017) (collecting cases). To meet this high standard, the petitioner must show the district court committed patent, extraordinary, and prejudicial error. *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013) (per curiam); *accord In re Volkswagen*, 545 F.3d at 318; *see also In re Clarke*, No. 24-50079, 2024 WL 886953, at *9 (5th Cir. Mar. 1, 2024); *In re TikTok*, 85 F.4th 352, 358 (5th Cir. 2023). SpaceX's mandamus petition did not even allege that the district court committed such patent error; it effectively seeks ordinary review of a non-appealable order through an

---

[1] *See* Eric A. Posner & Adrian Vermeule, *The Votes of Other Judges*, 105 Geo. L.J. 159, 170 (2016) (identifying mandamus as one of many legal questions on which judges are properly informed by the views of their colleagues).

extraordinary writ—that will not do. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 30 (1943).

Below, SpaceX had to show that "a substantial part of the events or omissions giving rise to [its] claim occurred" in the Southern District of Texas. 28 U.S.C. § 1391(e)(1)(B) (the "transactional venue" test). The district court hewed to the text and settled understanding of that provision in rejecting that contention. SpaceX's subsequent bid for extraordinary mandamus relief depended on two premises: (1) the district court applied the wrong standard in finding that events in Texas did not comprise a "substantial part" of those giving rise to SpaceX's claims; and (2) SpaceX's alleged bases would support venue under the applicable standard. The panel majority was unconvinced by these arguments, which do not warrant en banc review.

      1.  The district court articulated and applied the proper "transactional venue" standard.

SpaceX faults the district court for comparing the number and significance of in-district events with the overall sequence of events giving rise to SpaceX's claims. In a rhetorical sleight-of-hand, it conflates this required analysis with an inapt "most substantial" events

standard. [Reh'g Pet. at 10-11 (echoing Dissent at 5-6).][2] This argument is at war with the statutory text, caselaw, and common sense.

Starting with the statute, SpaceX insists on a reading of 28 U.S.C. § 1391(e)(l)(B) that would effectively erase "substantial part" from that provision. But statutes must be construed to "give effect, if possible, to every clause and word." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (cleaned up).[3] Logically, it is impossible to determine whether the part played by in-district events was "substantial," without considering how other "parts" and their significance relate to the totality of relevant events. Indeed, SpaceX concedes that courts must look to "the entire

---

[2] It "seem[ed]" to the panel dissent that the district court may have applied the wrong standard by citing *Andrade v. Chojnacki*, 934 F. Supp. 817, 827 n.18 (S.D. Tex. 1996). But suppositions are no basis for rehearing en banc. In any event, *Andrade* did not apply a "most substantial" standard; while citing an earlier case, *Andrade* also relied on a 1994 Third Circuit decision discussing the 1990 amendments which displaced that standard. *Id.* (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

[3] Congress has drafted venue statutes lacking any substantiality requirement. *See* 28 U.S.C. § 1400(b) (patent cases); 28 U.S.C. § 1408(1) (Chapter 11 bankruptcy cases); *cf.* 29 U.S.C. § 160(f) (permitting review of final NLRB action in any circuit where an aggrieved party "resides or transacts business"). Thus, 28 U.S.C. § 1391's substantiality requirement must mean that Congress specifically intended that a plaintiff does not possess unfettered access to its preferred venue.

sequence of events underlying the claim" to determine what counts as a "substantial" part of the events giving rise to a claim. [Mandamus Pet. at 19 (quoting *Safety Nat'l Cas. Corp. v. U.S. Dep't of Treas.*, No. H-07-643, 2007 WL 7238943, at *3 (S.D. Tex. 2007)).]

SpaceX cites no controlling authority disputing that transactional venue focuses on defendants' conduct, or that incidental or tangential contacts cannot create venue.[4] This is because claims must "derive[] from" events in the district to support venue. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 494 (5th Cir. 2018) (emphasis added); *see Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (focus is on defendant's conduct and "[o]nly events that directly give rise to a claim are relevant"); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (focus is on relevant activities of defendant); *Cottman,* 36 F.3d at 294 (tangential events "are not sufficient"); *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Tex. 1996) (same); *Broker's Home, LLC*, No. 07-846-JJB, 2008 WL 11350295, at *1 (M.D. La. 2008) (tangential connection is not substantial; test is not defendant's

---

[4] As explained below at 12, SpaceX's reliance upon inapposite district court cases does not move the needle here. [*See* Reh'g Pet. at 13.]

"contact" with district); *Munro v. U.S. Copyright Off.*, No. 6:21-cv-00666, 2022 WL 3566456, at *2 (W.D. Tex. May 24, 2022), *adopted*, 2022 WL 17400772 (W.D. Tex. Sept. 15, 2022) (venue looks to "the defendant's conduct, and where that conduct took place, rather than focusing on the activities of the plaintiff"); *see generally* 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3806 n.10 (3d. ed. 2023) ("*Wright* & Miller").

    As the district court observed, the "principal events" giving rise to this action took place in the Central District of California. [Dist. ECF 82 at 3.] The nexus of facts concerning the NLRB's activities was "heavily focused" in that district: "[n]early all the alleged ULP in the administrative complaint occurred" there, as the Terminated Employees "were all connected" to SpaceX's Hawthorne facility; and the Agency's administrative proceeding, based on a complaint issued by the NLRB's Los Angeles regional office, will be heard in California. [*Id.*] The court then analyzed the facts SpaceX relied on as supporting Texas venue and found them "incidental," "insubstantial in number," "far less significant than those occurring in California," and failing to "comprise a substantial part of the events giving rise" to SpaceX's claims. [*Id.* at 4.]

As to the "most substantial" standard to which SpaceX objects, the district court never refers to a "most substantial" standard, never applied it, and expressly noted it was under no obligation to find the "best" venue. [Dist. ECF 82 at 2.]

SpaceX's Mandamus Petition and Rehearing Petition also fail to dispute the broad consensus of cases cited by the NLRB [Cir. ECF 35-1 ("Mandamus Resp.") at 18-21, 25-26; *see also* Dist. ECF 78 at 9, 14] holding transfer proper where, as here, the *overwhelming* weight of operative events took place in another venue. *See Maysaroh Am. Arab Commc'ns & Translation Ctr., LLC*, 51 F. Supp. 3d 88, 93-95 (D.D.C. 2014) (transferring under Section 1406(a) because "the overwhelming majority of events giving rise to plaintiff's claims occurred" in another district); *Ciralsky v. CIA*, 689 F. Supp. 2d 141, 160-61 (D.D.C. 2010) (transferring where "overwhelming bulk of events and omissions giving rise to Plaintiff's claims occurred" in another venue); *Broker's Home*, 2008 WL 11350295, at *1 (when interpreting 28 U.S.C. § 1391, courts should construe substantiality "in relation to totality of events"). The 1990 amendments to the venue statute merely permit greater flexibility "in close cases"; courts are not free to ignore "where the [alleged] wrong

has been committed." *Jenkins Brick*, 321 F.3d at 1371. SpaceX cites no Fifth Circuit or Supreme Court cases to the contrary.

Nor do SpaceX's inapt analogies and hypotheticals salvage its position. SpaceX compares this case to ones where venue is premised on the burdens of a challenged agency rule.[5] But here, SpaceX challenges the NLRB's California adjudication of a California labor dispute, not a generally applicable rulemaking or similar pre-enforcement challenge lacking a clear center of gravity.[6] And SpaceX's strawman about activity giving rise to an action equally distributed across ten districts is unavailing. [Reh'g Pet. at 11-12.] It is beyond cavil that a substantial part of the events giving rise to a claim may occur in multiple districts.

---

[5] Reh'g Pet. at 13 (citing *Career Colls. & Schs. of Tex. v. United States Dep't of Educ.*, 2023 WL 2975164, at *3 (N.D. Tex. Apr. 17, 2023), *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015), and *Umphress v. Hall*, 479 F. Supp. 3d 344, 351–52 (N.D. Tex. 2020)).

[6] The panel dissent characterized *Umphress* as a case concerning "efforts to regulate the actions of an individual plaintiff within the forum in which he filed suit." [Dissent at 9 n.5 (citing *Umphress*, 479 F. Supp. 3d at 347–48).] But *Umphress* is just another pre-enforcement suit where there was no single district with a predominant connection to the case. There, a county judge preemptively sued the Texas State Commission on Judicial Conduct after that commission issued a public warning to an entirely different judge for her refusal to officiate same-sex weddings. 479 F. Supp. 3d at 346-47.

But that is not this case, as the district court correctly found. [Dist. ECF 82 at 3-4.] Indeed, it is undisputed that the overwhelming locus of this dispute is California. [Dist. ECF 78 at 5, 9, 14; Mandamus Resp. at 2, 16, 19-23, 25.] Were the Court to apply the transactional-venue standard as liberally as SpaceX's urges [Reh'g Pet. at 13], venue would lie any place a company-plaintiff does business. That would transform transactional venue into virtually universal venue.

> 2. SpaceX's three purported bases for venue are not a substantial part of the events giving rise to its claims.

SpaceX argues three bases for venue: (1) the NLRB's proceeding seeks to regulate SpaceX's conduct in the Southern District of Texas; (2) its alleged unfair labor practices took place, at least in substantial part, in the Southern District of Texas; and (3) the Terminated Employees intentionally sent their Open Letter to all SpaceX employees nationwide, including Texas. But the district court reasonably concluded that even in combination, these events were insufficient to establish venue, given the overwhelmingly California-based focus of this case.

First, SpaceX contends that the "NLRB attempts to regulate SpaceX in the Southern District of Texas," [Reh'g Pet. at 12], because

"the NLRB alleges SpaceX violated labor law within the district and requests remedies that would burden SpaceX within the district." [*Id.* at 13.] Initially, this myopically focuses on the activities of the *plaintiff*, rather than defendants. [*See* above at 9-10.] And, as the district court correctly found, SpaceX's in-district events "are insubstantial in number . . . and far less significant than those occurring in California." [Dist. ECF 82 at 3.] [*See also* paragraph below (regarding SpaceX's Texas conduct)]. As for the "remedies" sought in the ULP complaint, they "do not show any inherent connection to the Southern District of Texas," "would have far more relevance to the Hawthorne facility," and would have at most an "incidental" effect in Texas. [Dist. ECF 82 at 4.] The district court thus correctly questioned how remedies proposed in the ULP Complaint could amount to "events giving rise to [SpaceX's] action," a necessarily backwards-looking inquiry. [*Id.*] The district court properly found that the "events touching this district are incidental to the principal events occurring elsewhere." [*Id.*] There is no error in this finding, much less a *patent* error directly contravening controlling law warranting en banc rehearing.

Second, SpaceX claims that an unfair-labor-practice occurred in the Southern District of Texas. This contention rests on just a *single* allegation out of dozens in the ULP Complaint, all of which concern California and relate almost exclusively to California-based employees and activities. [Dist. ECF 31 ¶29 (citing ¶¶5(b-g), 6-28).] The single challenged sentence discusses an email SpaceX sent from the *Western* District of Texas to all SpaceX facilities, stating that SpaceX had fired those responsible for the California-issued Open Letter. [*Id.* at ¶11.] On this thin reed, SpaceX argues the alleged unfair-labor-practice occurred, "in substantial part," in the Southern District of Texas. [Reh'g Pet. at 14.] The district court rightly rejected SpaceX's claim, finding it merely "incidental to the principal events occurring elsewhere and constitut[ing] a relatively small portion of the total body of events [because t]his action concerns a California administrative proceeding regarding the actions of a California company and its California employees in California." [Dist. ECF 82 at 4.][7]

---

[7] SpaceX's discussion of its own email communications focuses on the wrong party's conduct. *See above* at 9-10. Nor, as the district court found, are *Long v. Grafton Executive Search, LLC*, 263 F. Supp. 2d 1085 (N.D. Tex. 2003), and *Trois*, 882 F.3d at 493, availing. [Reh'g Pet.

Third, SpaceX relies heavily on the Terminated Employees' actions to lay venue in Texas. But they are not defendants in this case, and it is the *defendants'* actions that are the proper focus. Moreover, nothing establishes that the Terminated Employees' communications were intentionally directed to the Southern District of Texas. What SpaceX points to is, at best, a distant and tangential link in the lengthy chain of events leading to the NLRB's present action against SpaceX. The district court properly assessed SpaceX's claims as to Texas disruptions to be incidental and insubstantial.[8]

There is no clear error in these findings, much less a "clear abuse of discretion" creating the "patently erroneous result" necessary for

---

at 10; Mandamus Pet. at 24.] In *Long*, a defamation case, the court considered allegations involving speech directed at Texas and intended to have its primary effect there. 263 F. Supp. 2d at 1087-89. *Trois* allowed a claim for fraudulent misrepresentation to be tried in Texas, but not a separate claim for breach of contract, because the defendants' communications to Texas related solely to the former claim. 882 F.3d at 487. Moreover, *Trois* instructs that an attenuated relationship between the communication and the claim is not enough; the claim must "derive[] from" the communication. *Id.* at 494.

[8] [Dist. ECF 82 at 3.] SpaceX's claim that it is somehow "undisputed" [Reh'g Pet. at 16] that SpaceX suffered substantial disruptions from the Open Letter is false. [Mandamus Resp. at 15 n.10; Dist. ECF 78 at 10.]

16

mandamus. *In re TikTok*, 85 F.4th at 358. Nor is there any conflict with controlling circuit or Supreme Court law warranting en banc rehearing.

### C. Mandamus is not appropriate here.

None of the circumstances here support the extraordinary remedy of mandamus, much less en banc rehearing.[9] This case has no "oft-repeated error[,] persistent disregard of the federal rules[,] new and important problems, or issues of law of first impression." 16 Wright and Miller § 3934.1. Accordingly, the writ would not be "in aid of" this Court's jurisdiction. 28 U.S.C. § 1651.

---

[9] SpaceX takes issue with the NLRB's attempts to obtain information and file documents in the district court proceeding after it was transferred to California. [Reh'g Pet. at 18-19.] But these actions were consistent with counsels' duty to inform themselves, and apprise the court with apparent jurisdiction, of the status of the case—one in which a preliminary-injunction motion was pending. The NLRB had every reason to believe that jurisdiction followed the record, which according to CM/ECF, was sent to the Central District of California immediately upon entry of the transfer order. [Dist. ECF entry dated Feb. 15, 2024.] *See Aero-Colours, Inc. v. Propst*, 114 F.R.D. 107, 107 (S.D. Tex.), *aff'd*, 833 F.2d 51 (5th Cir. 1987) (physical receipt of all or part of record completes transfer); *In re Brand–Name Prescription Drugs Antitrust Litig.*, 264 F.Supp.2d 1372, 1378 (J.P.M.L. 2003) (jurisdiction attaches "the moment that the files are physically transferred to the receiving court"); *Home Furnishings Store, Ltd. v. Stiles Mach., Inc.*, No. CIV.A. 11-698, 2011 WL 6329869, at *1 (E.D. La. Dec. 19, 2011) (same as to "instantaneous" transmission of electronic record).

The NLRB joins proposed amici Law Professors' arguments [Professors at 7-11] that mandamus here is jurisdictionally improper and inappropriate as a matter of sound judicial administration. Nor is rehearing appropriate; the panel's non-precedential, one-sentence order could not possibly affect other cases in this Circuit.

Furthermore, the district court could well have decided, and may yet, that a convenience-based transfer is appropriate under 28 U.S.C. § 1404(a). *See, e.g.*, *Care One LLC v. NLRB*, No. 23-3221, 2023 WL 4156859 (D.N.J. June 23, 2023) (transferring similar lawsuit alleging an unlawful "exercise of NLRB jurisdiction" from New Jersey to Connecticut, where the administrative hearing was taking place and where the relevant workforce was located). Although the panel dissent [Dissent at 14 n.7] speculated that the NLRB did not brief this argument because it was weak, the NLRB explained [Mandamus Resp. at 32-34] that this issue was not passed on below and not properly before the panel. *Cf. In re Archer Directional Drilling Servs., LLC*, 630 F. App'x 327, 329 (5th Cir. 2016) (per curiam) (remanding for the district court to supply reasoning absent from its opinion). The

alternative ground of transfer under Section 1404(a) makes both mandamus and rehearing all the more inappropriate here.

## CONCLUSION

En banc rehearing is rarely granted—for a reason. Perhaps individual judges would have decided this case differently in district court. But that is not the standard here. In the absence of a clear abuse of discretion creating a patently erroneous result, mandamus is foreclosed. And the lack of any conflict with a controlling decision of this Court or the Supreme Court means the petition for rehearing en banc also must fail.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*  Special Litigation Branch*

NANCY E. KESSLER PLATT
*Associate General Counsel*

DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Trial Attorney*

DANIEL BRASIL BECKER
*Trial Attorney*

GRACE L. PEZZELLA
*Trial Attorney*

s/David P. Boehm
DAVID P. BOEHM
*Trial Attorney*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20570
Telephone: (202) 273-4202
Email: david.boehm@nlrb.gov

Dated at Washington, D.C.
this 18th day of March 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rules 21(d)(1) and 32(g)(1) of the Federal Rule of Appellate Procedure, the undersigned counsel certifies that this Response is proportionally spaced, has a typeface of 14 points or larger, and contains 3,892 words.

/s David P. Boehm
DAVID P. BOEHM
Trial Attorney
david.boehm@nlrb.gov
(202) 273-4202

Dated at Washington, D.C.
this 18th day of March 2024