# No. 24-40103

## In the United States Court of Appeals
### FOR THE FIFTH CIRCUIT

IN RE: SPACE EXPLORATION TECHNOLOGIES CORP.

On Petition for Writ of Mandamus from an Order Granting
Defendants' Motion to Transfer Venue, Entered February 15, 2024
from United States District Court, Southern District of Texas,
Brownsville Division, No. 24-cv-1 (Olvera, J.)

## REPLY IN SUPPORT OF PETITION FOR EXPEDITED REHEARING EN BANC OF SPACE EXPLORATION TECHNOLOGIES CORP.

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

CATHERINE ESCHBACH
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

MICHAEL E. KENNEALLY
AMANDA L. SALZ
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration
Technologies Corp.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................... ii

REPLY IN SUPPORT OF PETITION FOR EXPEDITED
REHEARING EN BANC OF SPACE EXPLORATION
TECHNOLOGIES CORP. ....................................................................... 1

I.    Mandamus is the proper vehicle for obtaining appellate
review of a Section 1406(a) transfer. ............................................. 2

II.   SpaceX had no practical opportunity to seek Section 1292(b)
certification ......................................................................................... 8

III.  Any confusion on the issue further supports en banc
rehearing. ............................................................................................ 9

CONCLUSION ....................................................................................... 10

CERTIFICATE OF COMPLIANCE ................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A. Olinick & Sons v. Dempster Bros., Inc.,*
365 F.2d 439 (2d Cir. 1966) ................................................ 4

*Bankers Life & Cas. Co. v. Holland,*
346 U.S. 379 (1953) ........................................................... 6

*Carteret Sav. Bank, F.A. v. Shushan,*
919 F.2d 225 (3d Cir. 1990) ............................................... 3

*Def. Distributed v. Bruck,*
30 F.4th 414 (5th Cir. 2022) ............................................... 2

*Fisher v. First Nat'l Bank of Omaha,*
466 F.2d 511 (8th Cir. 1972) ........................................ 1, 7

*Garner v. Wolfinbarger,*
433 F.2d 117 (5th Cir. 1970) .............................................. 3

*Goldlawr, Inc. v. Heiman,*
288 F.2d 579 (2d Cir. 1961) ............................................... 7

*In re Bd. of Regents of Univ. of Tex. Sys.,*
435 F. App'x 945 (Fed. Cir. 2011) ...................................... 6

*In re El Paso Elec. Co.,*
77 F.3d 793 (5th Cir. 1996) ................................................ 7

*In re Itron, Inc.,*
883 F.3d 553 (5th Cir. 2018) .............................................. 7

*In re LimitNone, LLC,*
551 F.3d 572 (7th Cir. 2008) .............................................. 6

*In re Stingray IP Sols., LLC,*
56 F.4th 1379 (Fed. Cir. 2023) ...................................... 3, 7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In re TikTok, Inc.*,
　85 F.4th 352 (5th Cir. 2023) ............................................................2

*In re Volkswagen of Am., Inc.*,
　545 F.3d 304 (5th Cir. 2008) .......................................................2, 3

*Stelly v. Emps. Nat'l Ins. Co.*,
　431 F.2d 1251 (5th Cir. 1970) .....................................................4, 7

STATUTES

28 U.S.C.
　§ 1291 .............................................................................................7
　§ 1292 .....................................................................................*passim*
　§ 1404 .....................................................................................*passim*
　§ 1406 .....................................................................................*passim*

OTHER AUTHORITIES

15 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. (4th ed. 2023)
　§ 3855 .............................................................................................4
　§ 3935.4 ..........................................................................................5

**REPLY IN SUPPORT OF PETITION FOR EXPEDITED RE-HEARING EN BANC OF SPACE EXPLORATION TECHNOLOGIES CORP.**

Taking a cue from new amici—a random group of law professors—Defendants now contend that SpaceX "could have sought a stay prior to the transfer order to pursue an interlocutory appeal" and sought certification for an interlocutory appeal under Section 1292(b). Dkt. 82 at 5. But Defendants had no trouble agreeing that SpaceX satisfied the first condition for mandamus—lack of other adequate means of relief—in their response to SpaceX's emergency petition. The Court should not entertain Defendants' belated attempt to retract their prior concession and incorporate an amicus argument by reference.

And even on its own terms, this new theory is no reason to deny rehearing. *First*, it is meritless because the en banc Court has already held that mandamus is the exclusive adequate means to obtain review of an erroneous transfer order. *Second*, it is unrealistic because SpaceX had no practical opportunity to seek Section 1292(b) certification in the district court because it immediately initiated the electronic transfer, before briefing on the motion to transfer was even complete. And, *third*, it is

counterproductive because even if there were confusion over the availability of mandamus relief for transfer orders under Section 1406(a), such confusion would merely favor granting rehearing so this Court can clarify matters.

## I. Mandamus is the proper vehicle for obtaining appellate review of a Section 1406(a) transfer.

As SpaceX's mandamus petition explained, "[m]andamus is the appropriate vehicle for reviewing Section 1404 and Section 1406 transfers alike." Dkt. 2-2 at 12 n.5. Defendants initially agreed: SpaceX undisputedly satisfied the first mandamus factor because "[t]his Court has held no other adequate means of relief is available in transfer cases." Dkt. 35-1 at 10; *accord* Dissent 3; *see also In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) ("[T]his circuit has established that the first 'mandamus requirement is satisfied in the motion-to-transfer context.'" (citation omitted)).

Defendants should have stuck with their original view. There is no question that appealing an erroneous transfer after final judgment is not an adequate remedy given the harmless-error doctrine. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318–19 (5th Cir. 2008) (en banc); *see also Def. Distributed v. Bruck*, 30 F.4th 414, 426 & n.13 (5th Cir. 2022). Nor is

there any question that seeking certification under Section 1292(b) is not an adequate remedy. *Volkswagen* categorically states that "interlocutory review of transfer orders under 28 U.S.C. § 1292(b) is unavailable." *Id.* at 319. And as SpaceX observed in its mandamus petition, other circuits have granted mandamus to correct legally erroneous Section 1406 transfers in published decisions. *See, e.g.*, *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1383 (Fed. Cir. 2023); *Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 231 (3d Cir. 1990).

The professors simply ignore those cases. They also try to escape *Volkswagen*'s actual language about Section 1292(b)'s categorical unavailability. They rewrite *Volkswagen*'s language to limit the unavailability of Section 1292(b) to transfers premised on "the discretion underlying §1404." Dkt. 89 at 4.

It is true that Section 1292(b) requires "a controlling question of law," which is likely to be absent for those Section 1404 orders that are premised merely on an improper weighing of discretionary factors. *See Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970). But this Court has never suggested—in *Garner*, *Volkswagen*, or elsewhere—that discretion is the only basis for finding Section 1292(b) appeals unavailable.

Section 1292(b) also requires a showing that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 29 U.S.C. § 1292(b). Remarkably, the professors do not even acknowledge this requirement—let alone explain how an immediate appeal of an order erroneously sending a case to another federal court would facilitate the termination of the litigation. It is highly unlikely that such a showing could be made for any but the rarest of transfers. *See A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 443 (2d Cir. 1966) ("[R]eview . . . is not likely to advance the termination of the litigation . . . . Indeed, review of the disposition of the transfer motion may delay a decision on the merits and so defeat [Section 1292(b)'s] manifest statutory objective of making litigation quicker and less expensive."); *cf. Stelly v. Emps. Nat'l Ins. Co.*, 431 F.2d 1251, 1253 (5th Cir. 1970) (per curiam) ("It is hard to see how any order could be less 'final' than one which merely transfers an action for trial from one district to another in the federal judicial system . . . .").

Not surprisingly, courts widely reject the professors' suggestion that mandamus is inappropriate for transfer orders resting on an error of law. 15 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 3855 (4th

ed. 2023) ("Almost all courts agree that the writs can be used if the trial court made an error of law, such as ordering transfer to a forum that is not proper under the statute, or considering an impermissible factor in passing on the motion, or by failing to give a proper hearing to the parties."); 16A WRIGHT, *supra*, § 3935.4 (describing the "use of mandamus to control decisions that go beyond the limits of transfer power or that rely on wrong legal criteria" as a "relatively uncontroversial use of mandamus"). If anything, as Judge Elrod explained, "[m]andamus relief is *especially* appropriate in the context of a § 1406(a) transfer of venue." Dissent 14 (emphasis added). "Because § 1406 only permits transfer of a case when the chosen venue is legally impermissible, a legal error under § 1406 is much more significant than a legal error under § 1404." Dissent 15.

Given all this, one would expect the professors to offer significant authority to support their contrary position. But they have nothing of significance on their side. They *do not cite a single case* in which a court denied mandamus of a Section 1406 order on the ground that Section 1292(b) was available as an alternative remedy. They do not even

cite a single case permitting Section 1292(b) interlocutory review of a

Section 1406 order. Instead, the law professors cite:

- A decision finding that mandamus was potentially *available* because the district court's transfer order, properly construed, was under Section 1404. *In re LimitNone, LLC*, <u>551 F.3d 572, 575</u> (7th Cir. 2008).[1]

- An unpublished decision denying mandamus because the petitioner's objection to transfer was the transferee court's lack of subject-matter jurisdiction, an objection that could "be effectively made on appeal from a final judgment." *In re Bd. of Regents of Univ. of Tex. Sys.*, <u>435 F. App'x 945, 948</u> (Fed. Cir. 2011).

  As noted above, the same court has since *granted* mandamus in

---

[1]  In dicta, the Seventh Circuit opined that the Supreme Court "has suggested that mandamus is not an appropriate remedy for an erroneous transfer order under § 1406(a)." *LimitNone*, <u>551 F.3d at 575</u> (citing *Bankers Life & Cas. Co. v. Holland*, <u>346 U.S. 379</u> (1953)). In reality, *Bankers Life* merely found mandamus inappropriate "in the circumstances of [that] case," where, among other things, the petitioner "admit[ted] that the [allegedly erroneous] order eventually may be reviewed on appeal from final judgment" and the challenged order "involved no abuse of judicial power." <u>346 U.S. at 381</u>–82. As the dissent summarized, the Court's holding was merely that "where a district judge refused to entertain a 'frivolous' claim, mandamus will not issue to compel him to entertain it." *Id.* at 388 (Frankfurter, J., dissenting).

6

a published decision to correct an erroneous Section 1406 transfer. *Stingray*, 56 F.4th at 1383.

- A later-reversed decision affirming dismissal of a subset of defendants on the ground that the district court that had previously ordered an intercircuit transfer under Section 1406 lacked personal jurisdiction over those defendants. *Goldlawr, Inc. v. Heiman*, 288 F.2d 579, 580–81 (2d Cir. 1961), *rev'd on other grounds*, 369 U.S. 462 (1962).

- Two decisions holding that interlocutory transfer orders are non-appealable under 28 U.S.C. § 1291. *Fisher v. First Nat'l Bank of Omaha*, 466 F.2d 511, 511–12 & nn.2–3 (8th Cir. 1972); *Stelly*, 431 F.2d at 1252–53.

- Decisions addressing the propriety of interlocutory review outside the transfer context. *See In re El Paso Elec. Co.*, 77 F.3d 793, 795 (5th Cir. 1996); *In re Itron, Inc.*, 883 F.3d 553, 567–68 (5th Cir. 2018).

None of these cases holds, or even suggests, that mandamus is unavailable here. Defendants' opportunistic embrace of the professors' unsupported theory thus provides no reason why this Court's should deny rehearing.

## II. SpaceX had no practical opportunity to seek Section 1292(b) certification.

The professors' ivory-tower exercise also ignores reality. In a transfer case like this, seeking Section 1292(b) certification is not only unnecessary, it is often practically impossible, as this case illustrates.

Here, Defendants moved to transfer under both Section 1404(a) and 1406(a). Before SpaceX had even submitted its transfer surreply as permitted by the district court's rules, the court granted Defendants' motion on Section 1406(a) grounds and, within minutes, initiated the transfer and closed the case. SpaceX thus had no opportunity to move for Section 1292(b) conditional certification of the court's order. The district court had already shipped the record of the case off to the transferee court. At the time, SpaceX had only one option to attempt to preserve its rights—ask this Court for a writ of mandamus—and it promptly did so.

The suggestion that SpaceX should have preemptively sought a stay before the transfer is equally impractical. For one thing, SpaceX

had no indication that the district court would rule on Defendants' transfer motion and immediately initiate the transfer *before* SpaceX's deadline under the district court's rules for filing a surreply opposing that motion. SpaceX thought it had another brief to submit on the issue, and would have made a conditional request for a temporary stay had it been able to file that surreply. But even setting that aside, the suggestion that a preemptive stay request was obligatory to buy time for a Section 1292(b) petition makes zero sense here, as all agree that Section 1292(b) certification would have been a dead end had the district court granted transfer on the other basis Defendants advocated, Section 1404. The district court's decision to transfer under Section 1406(a) and initiate that transfer immediately cannot reasonably insulate that decision from review. Neither the professors nor Defendants offer any authority or argument to support their unrealistic proposal that parties who may want to challenge an erroneous transfer order must take preemptive actions to account for every possible appellate scenario.

## III. Any confusion on the issue further supports en banc rehearing.

If, despite all this, there were some uncertainty over whether mandamus is available in this circuit for Section 1406(a) orders, that only

bolsters the argument for further review. Other circuits have issued mandamus in this setting. And this is a question that cries out for clarity—especially given the speed at which transfers can be initiated. Far from detracting from en banc review, the professors have, if anything, identified another reason for the full Court's attention.

## CONCLUSION

The petition for expedited rehearing en banc should be granted.

Dated:  March 20, 2024

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
(310) 255-9005

CATHERINE ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX  77002
(713) 890-5719

Respectfully submitted,

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY
AMANDA L. SALZ
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of <u>Federal Rule of Appellate Procedure 35(b)(2)(A)</u> and <u>5th Cir. Rule 35.5</u> because, excluding the items exempted by <u>Federal Rule of Appellate Procedure 32(f)</u>, this document contains 1,867 words.

2. This document complies with the typeface requirements of <u>Federal Rule of Appellate Procedure 32(a)(5)</u> and <u>5th Cir. Rule 32.1</u>, and the type-style requirements of <u>Federal Rule of Appellate Procedure 32(a)(6)</u> because this document was prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.


Dated:  March 20, 2024          <u>s/ Michael E. Kenneally</u>
                                MICHAEL E. KENNEALLY

                                *Counsel for Space Exploration*
                                *Technologies Corp.*