United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 1, 2024
Lyle W. Cayce
Clerk

No. 24-40103

In re Space Exploration Technologies, Corporation,

*Petitioner.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-1

_____

UNPUBLISHED ORDER

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that in-house attorneys for NLRB, David P. Boehm and Lynn Ta,[1] ANSWER the following judicial inquiries, by 5:00 p.m. central time on Wednesday, April 3:

- On February 20, an attorney for NLRB called the clerk's office for the Central District of California. Why did NLRB make such a call given that this court stayed the Southern District of Texas's transfer order on February 19?

---

[1] This order applies only to the two named in-house attorneys for NLRB. It does not apply to any attorneys within the Department of Justice. Assistant United States Attorney for the Southern District of Texas, Mr. Benjamin Lyles, has represented that no United States Department of Justice employees were involved with the conduct of NLRB.

- What information did NLRB receive from the Central District of California based on that phone call?

- Did NLRB verify the information that it received in that phone call?

- On February 21, an attorney for NLRB called the clerk's office for the Central District of California again. Why did NLRB make a second call?

- What information did NLRB receive from this second call?

- Did NLRB verify the information it received from the second call?

- When did NLRB become aware that it made three incorrect representations (namely that: (1) the Central District of California had docketed the case; (2) a case number had been generated; and (3) a judge had been assigned to the case) to this court in its response to the petition for a writ of mandamus filed on February 22?

- Why did NLRB not inform this court as soon as it learned that these representations were incorrect?

- On February 23 and after this court's stay of the transfer order, an attorney for NLRB appeared in person before the Clerk's

Office for the Central District of California. What was the purpose of that in-person appearance?

- Why did NLRB argue before the Central District of California in a signed notice on February 23, that transfer was completed instantaneously in direct contradiction to the holding of *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987)?

- Why did NLRB encourage the Central District of California to ignore this court's stay order and this court's determination that it still had jurisdiction and that the case be returned in its filings before that court on February 26 (immediately after this court's order directing that the Southern District of Texas request retransfer)?

SO ORDERED.