

UNITED STATES GOVERNMENT

NATIONAL LABOR RELATIONS BOARD

OFFICE OF THE GENERAL COUNSEL

Washington, DC 20570-0001

VIA CM/ECF

April 10, 2024

Lyle W. Cayce, Clerk of Court
 United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:  *In re: Space Exploration Technologies Corp.*, No. 24-40103 (en banc) (panel: Circuit Judges Elrod, Haynes, and Douglas)

Dear Mr. Cayce:

In a 28(j) letter, Petitioner SpaceX cites *In re Fort Worth Chamber of Commerce*, No. 24-10266 (5th Cir. Apr. 5, 2024), which granted mandamus relating to a transfer under 28 U.S.C. § 1404(a). But the instant case involves a transfer under 28 U.S.C. § 1406(a). And nothing in *Fort Worth* supports the extraordinary and disfavored step of en banc rehearing here.

In the last six weeks, two panels of this Court have issued published opinions applying the mandamus standards to transfers (*Fort Worth* and *In re Clarke*, 94 F.4th 502 (5th Cir. 2024)). This Court has therefore explained "the propriety of mandamus in the transfer context" (28(j) Letter at 1), and "clarif[ied] the applicable law," (*id.* at 1-2), so en banc consideration is unwarranted here. Clarifying the law is also not a proper function of en banc rehearing, especially here, where there is no conflict with binding precedent.

Lyle W. Cayce, Clerk of Court
April 10, 2024
Page 2

*Fort Worth's* statement that an inter-circuit transfer "strengthens the case for mandamus," (*id.* Ex. A at 12 & n.27), does not move the needle. That statement speaks only to the first mandamus factor, which assesses whether mandamus is the petitioner's only adequate route. Here, however, SpaceX could have sought an interlocutory appeal to challenge the district court's Section 1406(a) transfer order, but it did not do so.

Judge Oldham's concurring opinion in *Fort Worth* offers no help to SpaceX. Courts must give effect to Congress's decision to, as Judge Oldham points out, "add[] the qualification 'substantial' to" the transactional-venue provision of 28 U.S.C. § 1391(e). (*Id.* Ex. A at 16). The district court here did exactly that. SpaceX's contrary view ignores this important qualifier and would permit any connection, however attenuated or insubstantial, to support venue.

Finally, SpaceX misuses quotation marks to improperly accuse the district court of applying a "most substantial" venue test (*id.* at 2), as neither the district court nor the panel majority used that phrase. Moreover, the district court did not apply such a standard. Indeed, it explicitly noted that it was not required to determine the "best" venue. (Dist. ECF 82, at 2).

Sincerely,

/s *David P. Boehm*
DAVID P. BOEHM
*Trial Attorney*

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E.
Washington, DC 20570-0001
(202) 273-4202

cc: Counsel of Record (via CM/ECF)