# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 17, 2024
Lyle W. Cayce
Clerk

No. 24-40103

In re Space Exploration Technologies, Corporation,

*Petitioner.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-1

_____

UNPUBLISHED ORDER

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:

  This case involved venue issues that led to a mandamus proceeding, during which NLRB attorneys David Boehm and Lynn Ta made some errors that generated a series of questions from our court. In reviewing the answers, we conclude that Boehm and Ta were not intending to violate the law and the rules.[1] We also conclude that some advice as to what is proper would be helpful to these attorneys.

  It is important to remember that once an attorney becomes aware of a mistake in a filing, it must advise the court of that error. *See* ABA Model Rule 3.3 (stating that "[a] lawyer shall not knowingly . . . make a false statement of

---

 [1] NLRB began its response that it appreciated "this opportunity to clarify any misconceptions it may have inadvertently caused . . . ."

fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"); *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 543 (5th Cir. 2022) ("The duty of candor extends beyond not making false statements. An omission may also violate the duty."); *United States v. Price*, No. 3:08-CR-0268-B, 2008 WL 5049295, at *3 (N.D. Tex. Nov. 25, 2008) (sanctioning attorney for, inter alia, making numerous misrepresentations to the court and failing to correct them).

Also important to note is that when an attorney concludes that the court in which events are occurring lacks jurisdiction, the proper remedy, as the Supreme Court has explained, is to challenge that court's orders for lack of jurisdiction, not ignore them. "[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk [sanctions] even if the order is ultimately ruled incorrect." *Maness v. Meyers,* 419 U.S. 449, 458 (1975); *Seven Arts Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness*, 419 U.S. at 458).

This principle is well recognized. *Id.*; *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 726 (9th Cir. 1989) ("[A]lthough both counsel and litigant may exercise their right to object to a court ruling and may vigorously advocate their positions before the appropriate tribunal, both the dignity of the court and the orderly functioning of the judicial system necessitate prompt adherence to the writ of the court."); *In re Novak*, 932 F.2d 1397, 1400 (11th Cir. 1991); Canon 7-22 of ABA Model Rules ("Respect for judicial rulings is essential to the proper administration of justice; however a litigant or his lawyer may, in good faith and within the framework of the law, take steps to test the correctness of a ruling of a tribunal.");

*F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-CV-269-H, 2021 WL 5883136 at *16 (N.D. Tex. Dec. 10, 2021) (stating that "no matter how fervently" a party believes they can "avoid this Court's jurisdiction . . . a party cannot ignore a Court order in good faith"); *In re Guidry*, 354 B.R. 824, 834 (Bankr. S.D. Tex. 2006) ("The law prescribes the correct manner to challenge rules and orders of court. To ignore a Court's order is not an option."). It is important that attorneys respect the courts of this country regardless of whether they agree with them.

We recognize that this case presented unusual circumstances that developed rapidly, and that Boehm and Ta may have been following the direction of their supervisors. However, it is always important that each individual attorney be mindful and adhere to their ethical obligations. Accordingly,

IT IS ORDERED that Boehm and Ta review this order and remember to respect court rulings even as they challenge them.

DANA M. DOUGLAS, *Circuit Judge*, dissenting:

With deepest respect to my esteemed colleagues, I fail to see the necessity of today's order. I agree with the majority that the NLRB did not intend to violate any law or rules, but I would go one step further. In my view, the NLRB unequivocally did not violate any law or rules throughout this complicated proceeding, and its conduct amounted to nothing more than zealous advocacy. *See* ABA Model Rule 1.3 (stating that "[a] lawyer must . . . act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf").

The Southern District of Texas issued the transfer order in this case on February 15, 2024, along with an accompanying paperless entry, stating: "Interdistrict transfer to Central District of California. Case transferred electronically. Case terminated on 2/15/2024, filed." We entered a stay order on February 19, 2024, after jurisdiction of the case had already been transferred to the Central District of California. *See In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) ("It seems uncontroversial . . . that a transfer to another circuit removes the case from our jurisdiction, and numerous circuits have stated that rule plainly.") (collecting cases); *see also Wilson v. City of San Jose*, 111 F.3d 688, 693 (9th Cir. 1997) ("[D]uring the time between entry of the transfer order and the receipt of the case file in the transferee court, the transferor court remains the forum in which pleadings may be filed.") (emphasis omitted). It was only natural for the NLRB to expeditiously seek answers regarding in which court it could and should file a response to SpaceX's expedited motion for a preliminary injunction.

Contrary to the majority's suggestion, the NLRB did not ignore this court's orders. As noted, we issued a stay, not an injunction. And as the Supreme Court has explained, a stay "operates upon the judicial proceeding itself," while an injunction "is directed at someone, and governs that party's

4

conduct." *Nken v. Holder*, 556 U.S. 418, 428 (2009). In other words, the stay did not prohibit the NLRB from taking the actions taken in this case.

The NLRB took responsibility in apprising both the California district court and this circuit of all the actions occurring in this case. In fact, within about two hours of learning which judge the California district court case was properly docketed with, the NLRB informed our panel of the change in docket numbers. Nothing required the NLRB to do more. Therefore, I must dissent.